UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| GERALD C. VICKERS, | ) |  |
|---|---|---|
| Petitioner, | ) | |
| | ) | No. 3:12 CV 351 |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION and ORDER

Gerald C. Vickers, a *pro se* prisoner, is serving an enhanced 50-year sentence for an aggravated battery committed in Madison County. *State v. Vickers*, 48C01-0402-FB-053. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (DE # 1.) The court is obligated to review the petition and dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES. For the reasons explained below, the court dismisses the petition as untimely.

On February 24, 2004, the state charged Vickers with aggravated battery and also alleged that he was a habitual offender. *Vickers v. State*, No. 48A05-1109-PC-510, slip op. at *1 (Ind. Ct. App. March 29, 2012). Prior to trial, an issue arose regarding Vickers's competency, and the court appointed an expert to evaluate him, who determined that he was competent to stand trial. *Id.* at *1-2. Following a jury trial, Vickers was found guilty as charged, and was sentenced to an aggregate 50-year term. *Id.* at *2. He appealed, arguing that the trial court erred in connection with the jury instructions and

that his sentence was unduly long. *Id.* The Indiana Court of Appeals affirmed. *Id.* The Indiana Supreme Court denied his petition to transfer on January 11, 2006. *Id.* He did not seek review in the U.S. Supreme Court. (DE # 1 at 1.)

On March 10, 2008, Vickers filed a petition for post-conviction relief alleging ineffective assistance of appellate counsel on various grounds. (*Id.* at 2.) Following an evidentiary hearing, the trial court denied the petition. *Vickers*, No. 48A05-1109-PC-510, slip op. at *3. The Indiana Court of Appeals affirmed. *Id.* at *4-5. The Indiana Supreme Court denied Vickers's petition to transfer on June 4, 2012. *Vickers v. State*, No. 48A05-1109-PC-510 (Ind. Jun. 4, 2012.) He did not seek review in the U.S. Supreme Court. (DE # 1 at 2.)

On June 18, 2012, Vickers tendered his federal habeas petition to prison officials for mailing. (*Id.* at 8.) In it he raises three claims: (1) the trial court erred in connection with the procedures used to determine his competency; (2) appellate counsel was ineffective in failing to raise an argument on direct appeal regarding the competency proceedings; and (3) the post-conviction court committed certain errors in connection with admission of evidence at the post-conviction hearing.[1] (*Id.* at 4-6.)

---

[1] It does not appear that Vickers properly exhausted a free-standing claim based on the competency proceedings as required by 28 U.S.C. § 2254(b)(1)(A). Instead, on post-conviction review he raised this solely as an ineffective assistance of counsel claim. *See Vickers*, No. 48A05-1109-PC-510, at *4-5. Additionally, as to claim three, an error committed in the post-conviction proceedings would not provide a basis for granting federal habeas relief. *See Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Jackson v. Duckworth*, 112 F.3d 878, 880 (7th Cir. 1997). Because the petition does not meet the threshold requirement of timeliness, the court need not explore these issues further.

Vickers's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Under AEDPA, habeas corpus petitions are subject to a strict one-year statute of limitations, set forth as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Upon review, none of Vickers's claims implicate newly discovered evidence or a newly recognized constitutional right, nor does he claim that a state-created impediment prevented him from filing his federal petition on time. (*See* DE # 1.) Accordingly, the provisions of 28 U.S.C. § 2244(d)(1)(A) apply. Vickers's conviction

became final when the time for seeking review in the U.S. Supreme Court expired 90 days after the Indiana Supreme Court denied his petition to transfer in January 2006. *See Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). Absent any period of tolling, this made his federal petition due in April 2007. *See* 28 U.S.C. § 2244(d)(1)(A). Although a properly filed application for state post-conviction relief will toll the limitations period under 28 U.S.C § 2244(d)(2), the petition Vickers filed in March 2008 did not toll the limitations period, because the one-year statute of limitations had already expired by the time he filed it. *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) (observing that "a state proceeding that does not begin until the federal year has expired is irrelevant" for purposes of 28 U.S.C § 2244(d)(2)).

Vickers does not raise any basis for excusing the untimeliness of his petition, and instead he appears to believe that his petition is timely because it was filed within one year of the state court's recent ruling on his post-conviction petition.[2] (*See* DE # 1 at 7.) However, as stated above, the one-year deadline for filing a federal petition had already expired when Vickers filed his post-conviction petition. The state court's subsequent denial of his post-conviction petition did not "restart" the federal clock, nor did it "open

---

[2] In response to Question 16, where the petitioner is asked to explain why his petition is timely, Vickers states as follows: "This petition is timely because, the time during which a properly filed application for state post-conviction, with respect to the pertinent judgment is pending shall not to counted [sic] toward any period of limitation, and the P.C. was just recently exhausted by Public Defender's of Indiana." (DE # 1 at 7.)

4

a new window for federal collateral review." *De Jesus*, 567 F.3d at 942-43. Accordingly, Vickers's petition must be dismissed as untimely.

Pursuant to RULE 11 OF THE RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quote marks and citation omitted).

For the reasons fully explained above, Vickers's petition is untimely. Nothing before the court suggests that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage Vickers to proceed further. Accordingly, the court declines to issue Vickers a certificate of appealability.

For these reasons, the court **DISMISSES** the petition (DE # 1) as untimely pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES, and **DENIES** the petitioner a certificate of appealability.

**SO ORDERED.**

Date: July 20, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT